UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CINDY SHAPPELL,

                    Plaintiff,

        v.

CAMDEN COUNTY BOARD OF SOCIAL
SERVICES and SHAWN B. SHEEKEY,
AS DIRECTOR OF THE CAMDEN
COUNTY BOARD OF SOCIAL
SERVICES,

                    Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 13-05287
        (JEI/KMW)

        **OPINION**

**APPEARANCES**:

FREDRIC J. GROSS LAW FIRM
Fredric J. Gross, Esq.
7 East Kings Highway
Mt. Ephraim, NJ 08059
      Counsel for Plaintiff

ZELLER & WIELICZKO LLP
Dean R. Wittman, Esq.
Matthew B. Wieliczko, Esq.
120 Haddontowne Court
Cherry Hill, NJ 08034
      Counsel for Defendants


**IRENAS**, Senior District Judge:

     This § 1983 lawsuit comes before the Court on Defendants'

motion to dismiss and Plaintiff's cross-motion for summary

judgment.  For the reasons detailed below, the Court will grant

Defendants' motion and deny as moot Plaintiff's.

1

## I.

Plaintiff Cindy Shappell, a 52-year-old Camden County domiciliary, claims in her Verified Complaint that she was denied welfare, food stamps, and Medicaid benefits.  She has sued the government entity responsible for the issuance of such benefits, Camden County Board of Social Services ("Board"), and its Director, Shawn B. Sheekey, in his official capacity. Plaintiff claims Defendants violated her substantive and procedural due process rights, and states claims under 42 U.S.C. § 1983 and N.J.S.A. 10:6-2(c).[1]

In 2011, Plaintiff was a resident of Paterson, New Jersey. At an unspecified time, the Passaic County Board of Social Services determined that she was entitled to welfare, food stamps, and Medicaid, and issued Plaintiff benefits under each program.  (Verified Compl. ¶ 8)

In October of 2011, Plaintiff moved to Camden County.  She contacted the Board and was told she was "qualified for each of the benefits [] she sought."  (Verified Compl. ¶ 12)  However, but for the receipt of food stamps for one month, Plaintiff did

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).  Because alleged due process violations are analyzed analogously under both § 1983 and the New Jersey Civil Rights Act, Chavarriaga v. New Jersey, Civ. No. 12-4313, 2014 WL 1276345, at *7 n.3 (D.N.J. Mar. 27, 2014); Ramos v. Flowers, 429 N.J. Super. 13, 21-24 (App. Div. 2012), the Court analyzes Plaintiffs' NJCRA claims "through the lens of § 1983." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 444 (D.N.J. 2011).

2

not, and has not, received any such benefits.[2]  (Id. ¶ 14)
Furthermore, Plaintiff has not received any notification
informing her that her application has been denied.

With regard to Plaintiff's receipt of food stamps, at an
unspecified time, Plaintiff was issued a food stamp ID card.
Within one month of receipt, however, she was called to a
meeting with Board employees and told that an error had been
made, "she was not receiving the correct amount of food stamps,"
and she had to return her ID card "so that a corrected card
could be issued." (Verified Compl. ¶ 15)  A new card, however,
was never issued.

Plaintiff filed suit on September 4, 2013.  (Dkt. No. 1)
Defendants moved to dismiss pursuant to Fed. R. Civ. P.
12(b)(6).  Plaintiff cross-moved for summary judgment under Fed.
R. Civ. P. 56.  Both motions are presently before the Court.[3]

───────────────

[2] On March 21, 2012, Plaintiff met with Board employee Aaron
Moore, who "expressed dismay that the process had dragged on,"
"assured [Plaintiff] that she was qualified" to receive the
benefits, and stated that "there was no reason for denying" the
benefits.  (Pl.'s Stmts ¶ 13)  On April 24, 2012, Plaintiff's
counsel faxed a letter to Moore following up on the
conversation.  (Pl.'s Stmts ¶ 14)  Neither Moore, nor anyone
from the Board, responded.

[3] Although oral argument for both motions was scheduled for May
28, 2014, Plaintiff's counsel, Fredric J. Gross, Esq., failed to
attend.  Mr. Gross did not notify the Court that he would be
unable to attend, nor was he reachable when his absence became
evident.  Consequently, the Court decides the motions on the
parties' briefs.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

4

## III.

Defendants move to dismiss Plaintiff's claims that her (A) substantive and (B) procedural due process rights were violated. For the reasons detailed below, Defendants' motion will be granted.

### A.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The substantive component of the Due Process Clause limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 399 (3d Cir. 2000). A protected property interest may not be taken away by the state for reasons that are "arbitrary, irrational, or tainted by improper motive." Woodwind Estates, Ltd. V. Gretkowski, 205 F.3d 118, 124 (3d Cir. 2000). Whether a particular property interest falls under the scope of substantive due process protection "depends on whether that interest is 'fundamental' under the United States Constitution." Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 140 (3d Cir. 2000) (quoting Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 229 (1985));

5

McGovern v. City of Jersey City, Civ. No. 98-5186, 2006 WL
42236, at *13 (D.N.J. Jan. 6, 2006).

The Supreme Court has held that a welfare recipient's
interest in public assistance does not constitute a fundamental
property interest.

In Ortwein v. Schwab, 410 U.S. 656 (1973), the Supreme
Court ruled that Oregon's $25 appellate court filing fee,
required of welfare recipients seeking to appeal a reduction in
their benefits, does not violate the due process or equal
protection rights of would-be appellants.  The Court held that a
citizen's interest in "increased welfare payments" "has far less
constitutional significance" than one's interest in obtaining a
divorce, id. at 659, something the Court described elsewhere as
"the adjustment of a fundamental human relationship."  Boddie v.
Connecticut, 401 U.S. 371, 383 (1971) (striking down as
unconstitutional Connecticut's mandatory filing fee for divorce
actions).  Furthermore, the Ortwein Court specifically found
that "no fundamental interest" is implicated by the review of a
welfare agency's determination.  Ortwein, 410 U.S. at 659.

More recently, the Third Circuit Court of Appeals noted
Ortwein's holding.  In Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d
Cir. 2001), the court held that the constitutionality of federal
legislation limiting a prisoner's ability to file successive in
forma pauperis actions should be analyzed under a rational basis

analysis.  <u>Id.</u> at 317-18.  In so holding, the court reiterated <u>Ortwein</u>'s holding that welfare determinations do not "implicate a fundamental human interest."  <u>Id.</u> at 317.

In light of such case law, the Court holds that Plaintiff's interests in welfare, food stamps, and Medicaid do not constitute fundamental property interests for which substantive due process protection is afforded.  Consequently, Defendants' motion will be granted as to Count One of Plaintiff's Verified Complaint.


**B.**

Count Two of Plaintiff's Verified Complaint alleges that her procedural due process rights have been violated.  This claim must also be dismissed, although for a slightly different reason: although welfare benefits are afforded procedural due process protection, the procedural protections afforded Plaintiff constitute due process.

The Supreme Court has held that "procedural due process requires that a welfare recipient be given a pretermination evidentiary hearing" before assistance is discontinued. <u>Ortwein</u>, 410 U.S. at 659; <u>Goldberg v. Kelly</u>, 397 U.S. 254, 264 (1971) ("[W]e agree with the District Court that when welfare is discontinued, only a pre-termination evidentiary hearing provides the recipient with procedural due process.").

The New Jersey legislature provides public assistance applicants and recipients with such a hearing.  N.J.A.C. 10:90-9.3(a) states that "[i]t is the right of every applicant for or recipient of [welfare][4] adversely affected by an action of a county [] agency to be afforded a fair hearing[.]"  Subsection (b) adds that county "actions which adversely affect an applicant or recipient include any [] <u>inaction</u>, refusal of action, or unduly delayed action with respect to program eligibility, including denial, termination or suspension of benefits[.]"  N.J.A.C. 10:90-9.3(b) (emphasis added).

A fair hearing is also afforded recipients of food stamps and Medicaid benefits.  See N.J.A.C. 10:87-1.16 ("An applicant or recipient shall have the right to appeal any action or inaction concerning the [food stamps][5] program . . . that affects his or her household."); N.J.A.C. 10:69-6.2(a) ("It is the right of every applicant or beneficiary [of Medicaid] adversely affected by an action by a county board of social services to be afforded a fair hearing[.]"); N.J.A.C. 10:69-6.2(c) ("Agency action which adversely affects an applicant or beneficiary includes: Any action, inaction . . . ")

---

[4] Welfare assistance, in New Jersey's legislative parlance, is called Work First New Jersey.

[5] New Jersey's Administrative Code refers to food stamps as participation in New Jersey Supplemental Nutrition Assistance Program.

8

Plaintiff argues that the opportunity to have such a hearing, and her failure to call for one, does not preclude the instant suit. (Pl.'s Opp'n Br. at 4-5) She posits that "[e]xhaustion of State remedies simply is not an invariable prerequisite to a § 1983 suit[,]" and points to Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 500-16 (1982) as support. (Pl.'s Opp'n Br. at 4) And as a restatement of the law, Plaintiff is accurate. See Patsy, 457 U.S. at 516 ("Based on the legislative histories of both § 1983 and § 1997e, we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983."); see also Felder v. Casey, 487 U.S. 131, 148 (1988) (stating that civil rights actions "are judicially enforceable in the first instance"); LaPosta v. Borough of Roseland, 309 F. App'x 598, 601 n.1 (3d Cir. 2009) ("Exhaustion is not a prerequisite to the assertion of a §1983 [] claim.")

Here, however, the remedies Plaintiff claims she need not utilize are the very procedural protections she claims are lacking. In arguing that she need not call for an administrative hearing, Plaintiff fails to recognize that the hearing itself constitutes the due process of law the Constitution guarantees. Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("We have described the root requirement of the Due Process Clause as being that an

individual be given <u>an opportunity</u> for a hearing before he is deprived of any significant property interest.") (emphasis added).

Furthermore, a court, when evaluating a claim for deprivation of procedural due process, must evaluate those procedural protections afforded—not just those utilized by the claimant. <u>Boddie</u>, 401 U.S. at 378 ("Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. . . What the Constitution does require is an opportunity . . ."). And in so doing, the Court holds that Plaintiff's deprivation of procedural due process claim must be dismissed.[6]

### c.

Because Defendants' motion to dismiss will be granted, Plaintiff's cross-motion for summary judgment will be denied.

---

[6] Because Plaintiff has yet to receive a termination hearing, the Court will dismiss her procedural due process claim without prejudice. Should Plaintiff utilize those procedural protections afforded, and still believe the processes she received violated her constitutional rights, Plaintiff may refile an amended complaint.

**IV.**

For the reasons stated above, Defendants' motion to dismiss will be granted.  Plaintiff's cross-motion for summary judgment will be denied.  An appropriate order accompanies this opinion.

Date: May _____, 2014

_____
Hon. Joseph E. Irenas
Senior United States District Judge

11